**William D. HAHN, Plaintiff,**

v.

**McKENZIE CHECK ADVANCE OF IL-LINOIS, LLC, doing business as National Cash Advance, and John Does 1–10, Defendants.**

**No. 99–3103.**

United States District Court,
C.D. Illinois,
Springfield Division.

Aug. 25, 1999.

Daniel A. Edelman, Cathleen M. Combs, Edelman & Combs, Chicago, IL, Philip Milsk, Springfield, IL, for William D. Hahn, plaintiff.

Almon A. Manson, Brown Hay & Stephens, Springfield, IL, Daniel P. Shapiro, David J. Chizewer, Goldberg Kohn Bell Black Rosenbloom & Moritz Ltd, Chicago, IL, Charles A. Zdebski, Tracey A. Drohan, Troutman Sanders LLP, Washington, DC, Claudia Callaway, Paul Hastings Janofsky & Walker LLP, Washington, DC, for McKenzie Check Advance of Illinois, LLC, defendant.

## OPINION

RICHARD MILLS, District Judge.

The dispositive issue in this Truth in Lending Act case relates to whether, under Illinois law, a post-dated check can be used to secure repayment of a "payday loan."

In short, the answer is "yes."

Motion to Dismiss allowed.

### I. Facts alleged in the complaint

#### A. General allegations

Defendant National Cash Advance ("NCA") operates "payday loan" establishments throughout various locations in the Central District of Illinois. "Payday loans" are short term, high interest rate loans, that are typically two weeks in duration and carry annual percentage rates of over 500 percent. At the end of the two week term, the customer has the option of continuing the loan for an additional period by paying the interest.

During the year prior to the filing of this action, Plaintiff William D. Hahn obtained three payday loans from NCA for nonbusiness purposes. On September 25 and October 8, 1998, Hahn borrowed $200.00 on each occasion by paying $44.00 as a finance charge on each of the loans. In addition, on November 2, 1998, Hahn borrowed $175.00 by paying $39.00 as a finance charge. On each occasion, he wrote a post-dated check in the amount of the loan and the financing charge. In addition, he signed a "Consumer Loan Agreement" which included the following statement: "[y]our post-dated check is security for this loan." Hahn alleges that the above statement stands for the proposition that the "borrower is giving a security interest in the post-dated check."

Hahn also alleges that, under Illinois law, an ordinary check does not operate as an assignment of the underlying bank account, and thus, it does not create any sort of meaningful security interest. Thus, he argues that NCA's security interest disclosure violates the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* ("TILA"), and Regulation Z, 12 C.F.R. §§ 226.17 and 226.18.

#### B. Counts

Count I of the Complaint is a class action claim against NCA for a violation of TILA via Hahn's November 2, 1998 loan. Count II is an individual claim for a TILA violation based on Hahn's September and October "payday loan" transactions. Count III is a class action claim for unconscionability against all Defendants. Lastly, Count IV is a class action claim under the Illinois Consumer Fraud Act, 815 ILCS 505/2, against all Defendants.

Defendants move to dismiss all counts.

### II. Legal Standard for Motion to Dismiss

In ruling on a motion to dismiss, the Court must accept well pleaded allegations of the complaint as true. *See Hishon v. King & Spalding,* 467 U.S. 69, 104 S.Ct. 2229, 2233, 81 L.Ed.2d 59 (1984); *Car Carriers, Inc. v. Ford Motor Co.,* 745 F.2d 1101, 1104 (7th Cir.1984), *cert. denied,* 470 U.S. 1054, 105 S.Ct. 1758, 84 L.Ed.2d 821 (1985). Although a complaint is not required to contain a detailed outline of the claim's basis, it nevertheless must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory. *Car Carriers,* 745 F.2d at 1106. Mere conclusions, without supporting factual allegations, are insufficient to support a claim for relief. *Cohen v. Illinois Inst. of Tech.,* 581 F.2d 658, 663 (7th Cir.1978). Dismissal should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

### III. Discussion

#### A. TILA claims

The Truth in Lending Act was designed to protect consumers from misleading or untruthful credit terms. *See* 15 U.S.C.

§ 1601; *Brown v. Marquette Sav. and Loan Ass'n,* 686 F.2d 608, 613 (7th Cir. 1982). In essence, a creditor is liable under TILA if the disclosure of the credit terms is inaccurate or misleading. According to the Complaint, the misleading disclosure in this case relates to the statement, "Your post-dated check is security for this loan."

Defendants first argue that Counts I and II must be dismissed because NCA did not state that it held the post-dated check as a "security interest," but merely as a "security" for the loan. In the alternative, Defendants argue that even if NCA represented that it received a security interest in a post-dated check, NCA's representations were not misleading because the applicable law allows a party to receive a security interest in the post-dated check, and the representation in the Consumer Loan Application is in compliance with TILA.

In contrast, Plaintiff argues that, as a matter of law, a post-dated check cannot create a security interest as defined by Regulation Z, 12 C.F.R. § 226.18. Mainly, he argues that a check cannot be a "security interest" because the check itself has no "intrinsic value and [it] does not create a security interest in the underlying bank account." In other words, Plaintiff alleges that this statement is misleading because under Illinois law, a post-dated check cannot serve as a collateral for the very loan that it is intended to pay.

Alternatively, Plaintiff argues that if Defendants did not intend to disclose a security interest by using the word "security" in the federal box, they still violated TILA because the statute also prohibits a creditor from including information that is not related to the required disclosures. In other words, Plaintiff argues that the word "security" must mean "security interest" or it violates TILA, because the word "security" is not related to any required disclosures, e.g, the security interest disclosures.

Initially, the Court finds that as a matter of law, there is no meaningful distinction between the term "security interest" and "security" in the context of this case. *See e.g,* 12 C.F.R. pt. 226 Supp. I ¶ 18(m)6 ("Terms in disclosure. No specific terminology is required in disclosing a security interest. Although the disclosure may, at the creditor's option, use the term 'security interest,' the creditor may designate its interest by using, for example, 'pledge,' 'lien,' or 'mortgage.' ") Thus, according to the Federal Reserve Board's interpretation of Regulation Z, Defendants could have used a term that was similar to the word "security interest" to denote its interest in the collateral, such as the word "security." Since the Federal Reserve Board is in charge of regulating truth in lending issues, the Court finds the Board's liberal interpretation of Regulation Z to be very persuasive.

Notwithstanding the argument that a post-dated check cannot serve as a security interest as a matter of law, the Court rejects Plaintiff's argument that the mere inclusion of the word "security" in the federal box constitutes a violation of TILA. As noted before, NCA was permitted to use similar terms, such as the word "security," to describe its security interest without violating Regulation Z. In addition, the Court rejects Defendants' attempt at drawing a distinction between the words "security" and "security interest." The plain reading of the phrase "your post-dated check is security for this loan" does not support an alternative meaning except for creating a "security interest" in a collateral—the check itself.

Having so decided, the sole remaining issue with regard to the TILA claims is whether, under Illinois law, a party can hold a post-dated check as a security interest to the underlying "payday loan."

Regulation Z defines "security interest" as "an interest in property that secures performance of a consumer credit obligation and that is recognized by state or federal law." 12 C.F.R. § 226.2(a)(25).

With regard to the applicable state law, the parties, along with the Court, agree that the Illinois law controls this case.

Plaintiff argues that a post-dated check cannot be a basis for a "security interest" because under 810 ILCS 5/3–408,[1] a check does not automatically operate as an assignment of the bank funds. Thus, he argues, the underlying bank funds cannot be collateral for the loan. Moreover, he argues that since the post-dated check provides no additional value and is merely a "customer's promise or direction to pay her own funds to the lender[,]" it too cannot be "security" for the loan.

Our sister court in the Northern District of Illinois rejected similar arguments and held that the post-dated check can be security for a "payday loan." *See Smith v. The Cash Store Management, Inc.*, No. 99–c–1726, 1999 WL 412447, at *1 (N.D.Ill. June 8, 1999). The Court agrees with the conclusion reached by the *Smith* court for several reasons: First, NCA does not state that it has a "security interest" in the *underlying funds* in Plaintiff's bank account. NCA states that it is holding the *check* as "security." Thus, Section 5/3–408 has no bearing on this issue. Second, the Illinois version of Article 9 of the U.C.C. suggests that a party may acquire a security interest in a negotiable instrument, such as a check. *See* 810 ILCS 5/9–305 ("A security in . . . negotiable instruments . . . may be perfected by the secured party's taking possession of the collateral.") Moreover, the Court finds nothing in Illinois law that prevents a party from taking a security interest in a post-dated check. *See, e.g., Smith*, 1999 WL 412447, at * 4.

Contrary to what Plaintiff suggests, the Court finds that a post-dated check does have intrinsic value—its negotiability.[2] Furthermore, due to its negotiability, the check itself is "property that secures performance of a credit obligation" as defined by Regulation Z. For example, if NCA wanted to secure payment of the loan, it can negotiate the check to a third party, thereby receiving performance on the loan. In other words, contrary to what Plaintiff argues, the post-dated check provides additional rights apart from the promissory note, and is more than just an additional promise by the consumer to pay back the loan. Therefore, the Court finds that Defendants can receive a security interest in a post-dated check. In turn, the Court finds that as a matter of law, the statement "Your post-dated check is security for this loan" is an accurate statement which discloses NCA's security interest for TILA purposes.

Accordingly, the Court finds that there is no set of facts which can support Plaintiff's TILA claims. Counts I and II of Plaintiff's complaint are hereby dismissed.

## B. State law claims

Hahn's federal claims are dismissed. As to the remaining state law claims, e.g., claim for unconscionability and Illinois Consumer Fraud Act, the Court finds that it has no independent jurisdiction over them. The Court also declines to exercise jurisdiction over these claims. Accordingly, the Court dismisses the remaining state law claims for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1367(c)(3).

*Ergo*, Defendants' Motion to Dismiss is ALLOWED. The Court finds that the phrase "Your check is security for this loan" creates a valid security interest in the negotiable, post-dated check, and, therefore, is a truthful TILA disclosure as a matter of law. Thus, Counts I and II are dismissed with prejudice. The remain-

---

1. That section states, "A check or other draft does not of itself operate as an assignment of funds in the hands of the drawee available for its payment, and the drawee is not liable on the instrument until the drawee accepts it." 810 ILCS 5/3–408.

2. Even Plaintiff concedes that some negotiable instruments have value as security. *See* Plaintiff's Memorandum in Opposition, p. 8.

ing counts are dismissed for lack of subject matter jurisdiction.